IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EUGENE EVANS<br>139 East Center Street<br>Fostoria, Ohio 44830 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| NOX U.S., LLC<br>c/o E&S Registered Agent, LLC<br>Statutory Agent<br>One Seagate, 24th floor<br>Toledo, Ohio 43604 | )<br>)<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| Defendant. | ) | |

Plaintiff, Eugene Evans, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

**PARTIES**

1. Evans is a resident of the city of Fostoria, state of Ohio.

2. Defendant is a domestic corporation with a place of business located at 931 S. Springville Ave Fostoria, Ohio 44830.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Evans is alleging federal law claims regarding the deprivation of Evans's rights under the Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. ("ADEA").

4. This Court has supplemental jurisdiction over Evans's state law claims pursuant to 28 U.S.C. § 1367, as Evans's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6. All material events alleged in this Complaint occurred in Seneca County.

7. Within 300 days of the conduct alleged below, Evans dual filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC), Charge No. 532-2020-02692 against Defendant.

8. On or about June 6, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Evans regarding the Charge of Discrimination.

9. Evans received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

10. Evans filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

11. Evans has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## FACTS

13. Defendant manufacturers vinyl flooring products.

14. Defendant hired Evans as a Production Worker on or about October 23, 2018.

15. Evans is currently 71 years old.

16. At all times relevant herein, Evans was over the age of 60.

17. Evans is African American.

18. Evans was one of only two African American production workers on his shift.

19. Upon information and belief, Evans was the oldest production worker on his shift.

20. Upon information and belief, the age range for Defendant's production workers on Evans' shift excluding Evans, is between 20 and 30 years old.

21. Upon information and belief, Evans was significantly older than the other production workers employed by Defendant on his shift.

22. In April 2020, Evans received a bonus and a positive review from Defendant for perfect attendance.

23. On or around May 12, 2020, Jane Jong, Defendant's Human Resources Representative, told Evans that Defendant was terminating his employment due to alleged performance issues.

24. Jong is Asian.

25. Upon information and belief, Defendant has a progressive disciplinary policy ("Discipline Policy").

26. Upon information and belief, Defendant's Discipline Policy calls for escalating levels of discipline for infractions, beginning with a verbal warning, followed by a written warning, and ultimately leading up to termination.

27. Defendant did not issue Evans a verbal warning for performance issues, in accordance with the Discipline Policy.

28. Defendant did not issue Evans a written warning for performance issues, in accordance with the Discipline Policy.

29. Defendant did not issue Evans a final written warning for performance issues, in accordance with the Discipline Policy.

30. By terminating Evans without following its Discipline Policy, Defendant violated its Discipline Policy.

31. Upon information and belief, Defendant followed its Discipline Policy when terminating non-African American employees.

32. Upon information and belief, Defendant followed its Discipline Policy when terminating employees who were under the age of 40.

33. Upon information and belief, Defendant followed its Discipline Policy when terminating employees who were significantly younger than Evans.

34. By disregarding its Discipline Policy when terminating Evans, Defendant treated Evans less favorably than non-African American employees.

35. By disregarding its Discipline Policy when terminating Evans, Defendant treated Evans less favorably than significantly younger employees.

36. At all times relevant herein, Evans performed at a level equal to that of the other employees on his shift.

37. At all times relevant herein, Defendant did not terminate any other employee on Evans' shift who performed at the same or similar level as Evans.

38. Defendant's purported reason for Evans's termination is pretext for age discrimination.

39. Defendant's purported reason for Evans's termination is pretext for race discrimination.

40. Defendant' did not proffer a legitimate non-discriminatory reason for terminating Evans.

41. Defendant knowingly terminated Evans's employment.

42. Defendant knowingly took an adverse employment action against Evans.

43. Defendant knowingly took an adverse action against Evans.

44. Defendant intentionally skipped progressive disciplinary steps in terminating Evans.

45. Defendant intentionally terminated Evans's employment.

46. Defendant intentionally took an adverse employment action against Evans.

47. Defendant intentionally took an adverse action against Evans.

48. Defendant knew that skipping progressive disciplinary steps in terminating Evans would cause Evans harm, including economic harm.

49. Defendant knew that terminating Evans would cause Evans harm, including economic harm.

50. Defendant willfully skipped progressive disciplinary steps in terminating Evans.

51. Defendant willfully terminated Evans's employment.

52. Defendant willfully took an adverse employment action against Evans.

53. Defendant willfully took an adverse action against Evans.

54. Upon information and belief, subsequent to Evans's termination, Defendant hired a individual under the age of 40 to replace Evans.

55. Upon information and belief, subsequent to Evans's termination, Defendant hired a non-African American individual to replace Evans.

56. The above facts demonstrate that Defendant engaged in a pattern and practice of age discrimination.

57. The above facts demonstrate that Defendant engaged in a pattern and practice of race discrimination.

58. There was a causal connection between Evans's age and Defendant's termination of Evans.

59. There was a causal connection between Evans's race and Defendant's termination of Evans.

60. As a result of Defendant's actions Evans suffered, and continues to suffer harm.

**COUNT I: AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C § 623 *et seq*.**

61. Evans restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

62. Evans is currently 71 years old.

63. At all times relevant, Evans was a member of a statutorily-protected class under 29 U.S.C § 623 *et seq*.

64. Defendant treated similarly situated, younger employees more favorably than Evans.

65. Defendant treated Evans differently from other similarly situated employees based on his age.

66. As of May 12, 2020, Evans was fully qualified for his position and employment with the Defendant.

67. Evans, at age 70, was a member of a statutorily-protected class under 29 U.S.C § 623 *et seq* at the time he was terminated from his employment with the Defendant.

68. After terminating Evans, the Defendant replaced Evans with a person who was significantly younger and/or not belonging to the protected class under 29 U.S.C § 623 *et seq*.

69. The Defendant violated 29 U.S.C § 623 *et seq* by discriminating against Evans based on his age.

70. As a result of Defendant' discrimination against Evans in violation of 29 U.S.C § 623 *et seq*, Evans has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

71. In its discriminatory actions as alleged above, Defendant acted with malice or reckless indifference to the rights of Evans, thereby entitling Evans to an award of punitive damages.

72. To remedy the violations of the rights of Evans secured by 29 U.S.C § 623 *et seq*, Evans requests that the Court award him the relief demanded below.

## COUNT II: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §2000e-2 *et seq.*

73. Evans restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. Throughout his employment, Evans was fully competent to perform his essential job duties.

75. Defendant treated Evans differently than other similarly-situated employees based on his race.

76. Defendant violated 42 U.S.C. § 2000e-2 *et seq.* by discriminating against Evans due to his race.

77. On or about May 12, 2020, Defendant terminated Evans without just cause.

78. At all times material herein, similarly situated non-African-American employees were not terminated without just cause.

79. Defendant terminated Evans based on his race.

80. Defendant violated 42 U.S.C. § 2000e-2 *et seq.* when they terminated Evans based on his race.

81. Evans suffered emotional distress as a result of Defendant' conduct, and is entitled emotional distress damages.

82. As a direct and proximate result of Defendant' conduct, Evans has suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT III: AGE DISCRIMINATION IN VIOLATION OF O.R.C. § 4112.01 *et seq*.

83. Evans restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

84. Evans is currently 71 years old.

85. At all times relevant, Evans was a member of a statutorily-protected class under O.R.C. §4112.14(B).

86. Defendant treated similarly situated, younger employees more favorably than Evans.

87. Defendant treated Evans differently from other similarly situated employees based on his age.

88. As of May 12, 2020, Evans was fully qualified for his position and employment with the Defendant.

89. Evans, at age 70, was a member of a statutorily-protected class under O.R.C. § 4112.14(B) at the time he was terminated from his employment with the Defendant.

90. After terminating Evans, the Defendant replaced Evans with a person who was significantly younger and/or not belonging to the protected class under O.R.C. §4112.14(B).

91. The Defendant violated O.R.C. §4112.02 and O.R.C. § 4112.99 by discriminating against Evans based on his age.

92. As a result of Defendant' discrimination against Evans in violation of O.R.C. § 4112.02(A), Evans has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

93. In its discriminatory actions as alleged above, Defendant acted with malice or reckless indifference to the rights of Evans, thereby entitling Evans to an award of punitive damages.

94. To remedy the violations of the rights of Evans secured by O.R.C. § 4112.02(A), Evans requests that the Court award him the relief demanded below.

### COUNT IV: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

95. Evans restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

96. Throughout his employment, Evans was fully competent to perform his essential job duties.

97. Pace treated Evans differently than other similarly-situated employees based on his race.

98. Pace violated R.C. § 4112.01 *et seq.* by discriminating against Evans due to his race.

99. Defendant created a hostile work environment on the basis of race.

100. On or about May 12, 2020, Springfield terminated Evans without just cause.

101. At all times material herein, similarly-situated non-African-American employees were not terminated without just cause.

102. Defendant terminated Evans based on his race.

103. Defendant violated O.R.C. § 4112.01 *et seq*. when they terminated Evans based on his race.

104. As a direct and proximate result of Defendant' conduct, Evans has suffered and will continue to suffer damages, including economic and emotional distress damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Eugene Evans requests judgment in his favor against Defendant, joint and severally, and containing the following relief:

(a) An order directing Defendant to place Evans in the position he would have occupied but for Defendant' discriminatory treatment, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Evans;

(b) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Evans for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

(c) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Evans for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

(d) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Evans for harm to his respective professional and personal reputations and loss of career fulfillment;

(e) An award of damages for any and all other monetary and/or non-monetary losses suffered by Evans in an amount to be determined at trial, plus prejudgment interest;

(f) An award of punitive damages;

(g) An award of costs that Evans has incurred in this action, as well as Evans's reasonable attorneys' fees to the fullest extent permitted by law; and

(h) Awarding such other and further relief that this Court deems necessary and proper

Respectfully submitted,

*/s/ Samuel B. Robb*
Daniel S. Dubow (0095530)
Samuel B. Robb (0099035)
**The Spitz Law Firm, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: daniel.dubow@spitzlawfirm.com
       sam.robb@spitzlawfirm.com

*Attorneys For Plaintiff Eugene Evans*

## JURY DEMAND

Plaintiff Eugene Evans demands a trial by jury by the maximum number of jurors permitted.

                                                       */s/ Samuel B. Robb*
                                                       Samuel B. Robb (0099035)